IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) 2:12-CR-225-NR |
| TAMIKA SOMERVILLE, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Defendant Tamika Somerville has filed a motion for compassionate release under the First Step Act, seeking to transfer what remains of his 15-year sentence to supervised release or home detention. *See* First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018); 18 U.S.C. § 3582(c)(1)(A)(i). The basis for this request is the extant public-health crisis and the documented spread of COVID-19 at Mr. Somerville's BOP facility, FCI-Danbury. More specifically, Mr. Somerville indicates that he suffers from underlying medical conditions—hypertension and asthma—that substantially increase his chance of contracting COVID-19 and becoming seriously ill or dying as a result. And he argues that the combination of his medical conditions, the ongoing health crisis at FCI-Danbury, and his exemplary prison record after almost a decade in prison constitutes "extraordinary and compelling circumstances" justifying compassionate release.

Arguably, although it is a close call, Mr. Somerville will not have exhausted his administrative remedies until May 21, 2020—30 days from the Warden's receipt of Mr. Somerville's April 21, 2020, request for release, which was denied on April 23, 2020. For that reason, the Court intends to defer ruling on Mr. Somerville's motion until a date after May 26, 2020 (the next business day following the expiration of the 30-day time period). The Third Circuit has made clear that the purpose of the exhaustion requirement is to ensure that

the BOP can utilize its expertise and authority in dealing with a prisoner's requests before a court enters the fray. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Implicit in that view is the assumption that the BOP is acting expeditiously and in good faith in processing release requests. *See id.* ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP 'prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic,' we anticipate that the statutory requirement will be speedily dispatched in cases like this one.").

Unfortunately, however, there is now reason to question that assumption, at least in the case of FCI-Danbury. In a recent decision, a federal judge in the District of Connecticut held that the Warden at FCI-Danbury hasn't been fulfilling that duty, and has been simply denying all requests for release without a valid, reasoned basis, let alone appropriate consideration of the extraordinary dangers posed by the spread of COVID-19. *See Martinez-Brooks v. Easter*, No. 20-569, 2020 WL 2405350 (D. Conn. May 12, 2020) (Shea, J.) ("Unfortunately, the record in this case makes clear she is not making adequate use of that authority either. Specifically, neither the Warden nor the BOP as a whole is implementing Section 3582(c)(1)(A) in the way Congress intended when it adopted the First Step Act, and neither has made any noticeable effort to update the process for evaluating 'compassionate release' requests to take account of the COVID-19 pandemic."). Just a few days ago, that judge ordered the Warden to go back and start doing what all federal courts, including the Third Circuit, expected the BOP to be doing all along. *See id.* at *32-33.

Given this recent decision, and given that the Court is already holding Mr. Somerville's motion in abeyance until May 26, 2020 to ensure that the exhaustion requirement is satisfied, the Court wishes to provide the Warden with an opportunity to more fully assess (or reassess) and, if appropriate, reconsider its denial of Mr. Somerville's request for release. This would include considering the possibility of both complete release under the First Step Act, as well as temporary release under 18 U.S.C. § 3622.

To that end, it is **HEREBY ORDERED** that Mr. Somerville's motion be held in abeyance until **May 26, 2020.** The Court's intent is to give the Warden, during this time, an opportunity to examine (or re-examine) Mr. Somerville's request, particularly in light of Judge Shea's recent guidance. The parties should provide the Court any additional orders or decisions from the Warden by **5:00 p.m.** on **May 26, 2020**. If the Warden maintains that release is inappropriate or does not act by then, the Court will proceed to decide the motion based on the current record before it.

It is **FURTHER ORDERED** that Mr. Somerville serve a copy of this order to the Warden of FCI-Danbury by facsimile, e-mail, and overnight mail, to be sent no later than **12:00 noon** tomorrow, **May 19, 2020**. The government is directed to cooperate with Mr. Somerville's counsel to ensure service is made to the appropriate authorities.

DATED this 18th day of May, 2020.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge